UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

STEVEN HENDRICKS BLONDHEIM,                    Civil File No. 05-2195 (JNE/FLN)

        Petitioner,

v.                                             **REPORT AND RECOMMENDATION**

JOAN FABIAN, Commissioner,

        Respondent.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is challenging his 1996 Minnesota state court conviction for first degree criminal sexual conduct.  (Petition, [Docket No. 1], ¶s 1-4.)  He filed an earlier habeas corpus petition in this District challenging the same conviction – Blondheim v. Feneis, Civil No. 99-1302 (MJD/AJB) (hereafter "Blondheim I").  The claims raised in that earlier petition were fully considered and adjudicated on the merits, and the case was dismissed with prejudice by the order of District Court Judge Michael J. Davis, dated July 8, 2000.

---

[1]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

For the reasons discussed below, the Court finds that Petitioner's current application for habeas corpus review is a "successive petition," which cannot be entertained at this time.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(b), which establishes new rules governing second and successive petitions.[2] Under these new rules, a district court

---

[2] 28 U.S.C. § 2244(b) now provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a

cannot entertain a second or successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).   See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 1996 state criminal convictions and sentence.[3] Because the first such application, (Blondheim I), was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b).  As such, the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be dismissed for lack

---

three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

[3] Although the claims presented in the instant petition are quite bewildering, the initial paragraphs of the petition, (p. (2), ¶s 1-4), clearly indicate that Petitioner is attacking the same conviction that was reviewed and upheld in Blondheim I.

of jurisdiction.  <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>Chadwick v.</u>

<u>Graves</u>, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); <u>Wainright v. Norris</u>, 958 F.Supp. 426,

431-32 (E.D.Ark. 1996).

     The Court will recommend that this action be dismissed without prejudice, so that

Petitioner can resubmit his habeas claims <u>in a new action</u>, <u>if he is able to secure a pre-</u>

<u>authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).[4]  Petitioner

should carefully note, however, that <u>this District Court will not entertain any future habeas</u>

<u>petition pertaining to his 1996 state criminal conviction and sentence, unless such petition</u>

<u>is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.</u>[5]

     Finally, it will be recommended that Petitioner's application for leave to proceed <u>in</u>

<u>forma pauperis</u>, (Docket No. 2), be denied, because he has failed to state a habeas corpus

---

    [4]  There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed.  <u>See e.g.</u>, <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997).  It would not be advisable, however, to follow that approach here.  The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2).  Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

    [5]  Because the Court presently lacks jurisdiction in this matter based on the rules governing successive petitions, the timeliness of the instant petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (<u>see</u> 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

claim on which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.  Petitioner's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**; and

3.  This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction.


Dated: September 27, 2005

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 17, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.